UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA DELAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-234-MTS |
| | ) | |
| LEGACY EMBROIDERY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants Dave Kell and Jane Kell's ("the Kells" or "Defendants") Motion to Dismiss, Doc. [8], Plaintiff's Complaint, Doc. [1], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies Defendants' Motion.

## I.   BACKGROUND[1]

This case concerns claims by Plaintiff Cynthia Delap for unpaid wages from her former employment at co-defendant Legacy Embroidery, Inc. ("Legacy").[2] *See* Doc. [1] at ¶¶ 1–5. Plaintiff alleges that the Kells are the "principals" of Legacy. *Id.* ¶ 17.

In August 2008, the Kells hired Plaintiff as a full-time employee at Legacy. *Id.* ¶ 27. At that time, the Kells and Plaintiff agreed that Plaintiff would earn $13.70 per hour, bi-weekly. *Id.* ¶¶ 27–28. The Kells trained Plaintiff and gave her daily instructions on her work tasks. *Id.* ¶ 16. Legacy and the Kells controlled Plaintiff's employment records with regards to her rate of pay, compensation, and work schedule. *Id*. ¶ 23. Plaintiff's employment at Legacy ended on March

---

[1] The Court draws these facts from Plaintiff's allegations in the Complaint, Doc. [1]. In so doing, the Court must liberally construe the complaint in favor of Plaintiff and must grant all reasonable inferences in her favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

[2] Legacy is not a party to the instant Motion.

15, 2021, when, according to Plaintiff, Legacy and the Kells terminated her. *Id.* ¶ 31. When Plaintiff's employment ended, she "requested, in writing and from Defendant David Kell specifically, the full amount of her wages owed." *Id.* ¶ 32. Plaintiff alleges that the Kells "refused" to pay her for any amount of time she worked during the pay period prior to termination. *Id.* ¶ 30.

Based on those events, Plaintiff sued Legacy and the Kells for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I) and Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.505, *et seq.* (Count II), and for breach of contract (Count III). Doc. [1]. In the instant Motion, the Kells seek to dismiss the entire action against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. [8].

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570  (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, the Court "need not accept as true plaintiff's conclusory allegations or legal conclusions

drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III.   DISCUSSION

The sole question before the Court is whether the Kells are considered Plaintiff's "employers" within the meanings of the FLSA and MMWL.[3]  The Kells argue that Legacy is a "distinct and separate legal entity," and that "even if taken as true, the allegations do not demonstrate that they were Plaintiff's employer."  Doc. [8] at 1; Doc. [19] at 1.  Plaintiff, however, contends that she was collectively employed by Legacy *and* the Kells.

To assert an FLSA or MMWL claim against the Kells, Plaintiff must establish an employer-employee relationship with them.  *Larson v. Isle of Capri Casinos, Inc.*, 4:16-cv-902-W-ODS, 2018 WL 6495074, at *3 (W.D. Mo. Dec. 10, 2018); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1360 (8th Cir. 1993) (explaining a plaintiff bears the burden of proving an employer-employment relationship existed).  The "test of employment under the FLSA [and MMWL] is one of 'economic reality.'"  *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015); *Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 437 S.W.3d 754, 758 (Mo. banc 2014) (applying same factors to MMWL employment test); *Larson*, 2018 WL 6495074, at *4–11 (same).  Economic reality involves four-factors:[4] whether the purported employer (1) had the power to hire and fire employees; (2) supervised and controlled the employee's work or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.  *Ash*, 799 F.3d at 961; *Tolentino*, 437 S.W.3d at 758; *Childress v. Ozark Delivery of Mo. L.L.C.*, 95 F. Supp.

---

[3] Both the FLSA and MMWL use identical language to define an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Vance v. Johnson*, 591 S.W.3d 2, 8 (Mo. Ct. App. 2019) (analyzing FLSA and MMWL together).

[4] The Court notes that while the MMWL and FLSA utilize the same factors, the MMWL applies a fifth factor: whether the "alleged employer's premises and equipment were used for the plaintiff's work." *Larson v. Isle of Capri Casinos, Inc.*, 4:16-cv-902-W-ODS, 2018 WL 6495074, at *10 (W.D. Mo. Dec. 10, 2018) (citing *Tolentino v. Starwood Hotels & Resorts Worldwide, Inc.*, 437 S.W.3d 754, 758 (Mo. banc 2014)).

3d 1130, 1139 (W.D. Mo. 2015) ("These factors are not exhaustive and no one factor is dispositive.'").

In her Complaint, Plaintiff alleges that the Kells hired Plaintiff in her job position, trained her, "had day-to-day control over where Plaintiff worked, the hours Plaintiff worked, and the type of work Plaintiff would be doing," controlled Plaintiff's "employment records, including all records pertaining to Plaintiff's rate of pay, compensation[,] and hours worked[,]" supervised her work, provided Plaintiff "day-to-day instruction on her job functions," and ultimately terminated her employment.  Doc. [1] at ¶¶ 16, 21, 23, 27, 31.  Thus, Plaintiff alleged sufficient facts to draw a reasonable inference that the Kells were Plaintiff's "employers" under the FLSA and MMWL. *Ash*, 799 F.3d at 961 (explaining economic realty includes "the defendant's right to control the nature and quality of the plaintiff's work, the defendant's right to hire or fire, and the source of compensation for the plaintiff's work"); *Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F. Supp. 3d 628, 645 (N.D. Iowa 2021) (describing the "economic reality" of a plaintiff's employment is "who they reported to, who had the right to hire or fire, the source of their work schedules and the information they were given at the start of their employment").

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dave Kell and Jane Kell's Motion to Dismiss, Doc. [8], is **DENIED**.

Dated this 13th of July, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE